Thomas L. Amberg, Jr. - SBN 269970
Amberg/Harvey
331 J Street, Suite 200
Sacramento, CA 95814
Ph: (916) 277-8407

Attorney for Jose Vidrio and Imelda Vidrio

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| In Re: | Case No. 2016-24777-C-7 |
|---|---|
| JOSE VIDRIO | Hearing Date: March 7, 2017 |
|  | Hearing Time: 9:30 AM |
|  | Courtroom 35 - Dept C |
| IMELDA VIDRIO | Honorable Christopher Klein |
|  | Docket Control No.: TLA-1 |
| Debtors |  |

## MOTION TO COMPEL THE TRUSTEE TO ABANDON THE ESTATE'S INTEREST IN REAL PROPERTY AND OTHER PROPERTY OF THE BANKRUPTCY ESTATE

Thomas L. Amberg, Jr. of Amberg/Harvey, on behalf of Jose Vidrio and Imelda Vidrio, the Debtors herein, hereby moves this Court for an Order Compelling the Trustee to Abandon the Estate's interest in Real Property. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on July 22, 2016. David Cusick was duly appointed to serve as the Chapter 13 Trustee in this case.

2. On September 30, 2016, the Debtor filed a notice of voluntary conversion to Chapter 7. J. Michael Hopper was appointed as the Chapter 7 Trustee.

3. This motion is brought pursuant to 11 U.S.C. §554(b) and Rule 6007 of the Federal Rules of Bankruptcy Procedure.

4. As shown Schedule A of the filed schedules of this case, the Debtors have an interest in the real property commonly-known as 18043 Wood Duck Street, Woodland, CA 95695.

Motion to Abandon Real Property and Other Property of the Bankruptcy Estate       1

A copy of schedule A is shown in the concurrently-filed Exhibits and is incorporated herein by reference. The Debtors believe and assert that the reasonable, fair-market value of the asset is **$550,000.00** .

5. This asserted value is based on the opinion of the Debtors. The Declaration of the Debtors in support of this value is filed concurrently with this Motion and incorporated herein by reference.

6. As described on Schedule A, this property is subject to Bank of America, N.A.'s voluntary lien in the amount of $385,430.00.

7. Additionally, a number of involuntary liens impair the Debtors' residence. The IRS holds a secured lien in the amount of $65,833.48. Allied Trustee Services has a secured claim in the amount of $7,190.33. Wild Wings Owners Association has a secured claim in the amount of $12,376.36. Lastly, Helmut Sommer, Inc. has a judicial lien in the amount of $516,000.00.

8. As shown in Schedule C of the filed case, the Debtors have claimed an exemption in this asset in the amount of $100,000.00. A copy of Schedule C is shown in the concurrently-filed Exhibits and is incorporated herein by reference.

9. In summary

| | |
|---|---|
| Debtors' Interest in Wood Duck Street Home | $550,000.00 |
| Less: BofA lien | $385,430.00 |
| Less: IRS lien | $65,833.48 |
| Less: Allied lien | $7,190.33 |
| Less: Wild Wings lien | $12,376.36 |
| Less: Helmut Sommer lien | $516,000.00 |
| Adjusted Equity | $-436,830.17 |
| Less: Exemption claimed | $ 100,000.00 |

| | |
|---|---:|
| Net Equity | $-536,830.17 |

10. Pursuant to §554(b) of Title 11 US Codes[1], the Court may order the Trustee to abandon the estate's interest in assets of the estate.

11. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

12. Based on the foregoing and the Declarations filed herewith, the Debtors assert that the value of the estate's interest in the specified real and personal property is $0.00.

## RESTATEMENT

WHEREFORE, the Debtors move the Court to compel the Trustee to Abandon the estate's interest in the specified real and personal property.

Respectfully submitted on February 7, 2017.

/s/ Thomas L. Amberg, Jr.
Thomas L. Amberg, Jr.
Amberg/Harvey
331 J Street, Suite 200
Sacramento, CA 95814

---

[1] 11 US Codes, §554(b): "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."